UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REDWOOD,

        Petitioner,               Case Number 07-10587
                                                  Honorable David M. Lawson

v.

MILLICENT WARREN,

        Respondent.
_____/

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

The petitioner challenged his conviction under 28 U.S.C. § 2254 on February 8, 2007, raising eleven separate counts concerning the insufficiency of the evidence, the disproportionate and lengthy nature of his sentences, the unconstitutionality of the legislative mandate to affirm sentences within the guidelines on appeal, double jeopardy violations, ineffective assistance of counsel, statutory construction, improper jury instructions, guidelines scoring errors, and improper enhancements of his sentence. On March 25, 2010, the Court denied the petitioner's claims for relief on all counts, determining that the petitioner's claims lacked merit or were not cognizable on habeas, and entered a judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2255 Proceedings.  Thus, the Court will grant the petitioner's request for expedited consideration.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In denying the petitioner for a writ of habeas corpus, the Court determined that the state court had reasonably analyzed the petitioner's claims concerning the sufficiency of the evidence, prosecutorial misconduct, double jeopardy, and jury instructions.  The Court also determined that the petitioner's challenge to the length and proportionality of his sentence lacked merit because he did not have a right to strict proportionality in sentencing, as did his challenge to Mich. Comp. Laws § 768.34(10) because he did not have a right to appeal.  He also did not have a right to require his appellate counsel to raise all claims on appeal, and thus his ineffective assistance of counsel argument on this point lacked merit as well.  The Court found that the petitioner's challenges to the Michigan sentencing guidelines, the statutory definitions of his crimes, and the state trial court's evidentiary rulings under Michigan Rule of Evidence 404(b) were not cognizable on habeas because they relied only on state law.  Finally, the Court determined that the petitioner's Sixth Amendment

*Blakely* argument was foreclosed by Sixth Circuit precedent and the petitioner had failed to present any evidence tending to show that he was not represented by counsel in his prior convictions to support his improper enhancement argument. The Court now finds that reasonable jurists could not debate that this Court correctly denied each of the petitioner's claims. Therefore, the Court will deny the petitioner a certificate of appealability.

Accordingly, it is **ORDERED** that the certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 29, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO